JOURNAL ENTRY and OPINION
George Henderson appeals from a common pleas court order denying his petition for postconviction relief in connection with his conviction of aggravated murder. On appeal, he challenges the court's findings that his petition was untimely and otherwise without merit. For reasons given below, we have concluded that he failed to timely file his petition and further failed to advance grounds for his delay in accordance with R.C.2953.23. Accordingly, we affirm the judgment of the court.
The record indicates that after a jury found Henderson guilty of aggravated murder on November 7, 1988, the court sentenced him to a life sentence. He appealed his conviction to our court and we affirmed it, in State v. Henderson (April 26, 1990), Cuyahoga App. No. 56828. On November 21, 1990, the Ohio Supreme Court overruled his motion for leave to appeal, in State v. Henderson (1990), 55 Ohio St.3d 715. On May 18, 2001, Henderson filed a Petition and Memorandum of Law in Support of Motion to Vacate Judgment of Conviction for Lack of Subject Matter Jurisdiction Pursuant to R.C. 2953.21 and Request to Issue Subpoena Duces Tecum Pursuant to R.C. 2939.11." He argued that the trial court lacked jurisdiction to conduct his trial because the foreman of the grand jury did not sign his indictment, urging the court to issue a subpoena duces tecum so that he could support his claim regarding the unsigned indictment. Henderson made this claim despite the fact that the exhibits attached to his motion contained a copy of his indictment containing the signature of the grand jury foreman.
On June 5, 2001, the court denied Henderson's motion. Thereafter, upon his request, the court filed its findings of fact and conclusions of law on November 28, 2001, finding Henderson's claim time-barred and otherwise without merit. Henderson now appeals, pro se, from the court's decision.
Henderson's first assignment of error states:
 I. APPELLANT CONTENDS HIS PETITION WAS NOT TIME BARRED UNDER CRIM.R. (B)(2)[SIC] AND (G) AND CAMPBELL V. LOUISIANA (1998), 118 S.CT. 1419, BECAUSE CAMPBELL CREATED A NEW FEDERAL RIGHT GIVING HIM STANDING TO LITIGATE THE RIGHT OF THE THIRD PARTY GRAND JURY FOREPERSON.
Henderson claims the trial court erred in finding his petition for postconviction relief to have been filed beyond the permitted time limit for filing such a petition.
R.C. 2953.21 provides:
 (A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
Sub.S.B. 4, effective September 21, 1995, provided a specific time frame for the filing of a postconviction petition. Section 3 of S.B. 4 states the following:
 A person who seeks postconviction relief pursuant to Sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of Section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
Division (A)(2) of R.C. 2953.21 provides the following:
 (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Accordingly, in order for his petition to be timely, it needed to be filed within one year of September 21, 1995, i.e., before September 21, 1996. Henderson filed his petition on May 18, 2001; therefore, the court properly found it to be untimely under R.C. 2953.21.
We recognize that R.C. 2953.23 permits a court to consider untimely postconviction petitions under certain circumstances. That statute states, in relevant part:
 (A) * * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of [R.C. 2953.21] * * * unless both of the following apply:
 (1) Either of the following applies: (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted. * * *
Here, the record reflects that Henderson did not advance any ground in his petition for why his appeal, although untimely, should nonetheless be considered by the court in accordance with R.C. 2953.23; in fact, he never addressed the application of R.C. 2953.23 to his petition.
Because Henderson did not file his petition within the time permitted by R.C. 2953.21 and did not satisfy the requirements of R.C. 2953.23 for filing an untimely petition, the trial court properly dismissed it. Henderson's first assignment of error is therefore overruled.
Our determination that the court properly dismissed his petition as untimely renders the remaining assignments of error moot and we need not consider them. See App.R.12(A)(1)(c).
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JUDGE TERRENCE O'DONNELL MICHAEL J., CORRIGAN, P.J., and ANN DYKE, J., CONCUR